IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00292-MR

| | |
|---|---|
| JARRET DEMON HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| NC DPS – PRISONS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 11].

**I.    BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that his Fifth, Eighth, and Ninth[1] Amendment rights were violated at the Piedmont and Eastern Correctional Institutions, and the Gaston and Catawba County Jails.[2] He names as Defendants: the North Carolina

---

[1] "[T]he Ninth Amendment creates no constitutional rights." Wohlford v. U.S. Dep't of Agriculture, 842 F.2d 1293, 1293 (4th Cir. 1988); Swanson v. King, 2021 WL 3856454, at *4 (E.D.N.C. Aug. 27, 2021) ("Plaintiff cannot pursue a claim under the Ninth Amendment.").

[2] The Plaintiff filed the Complaint from the Eastern CI; he is presently housed at the Gaston County Jail.

Department of Public Safety (identified as "NCDPS – Prisons" and "NCDPS – Probation/Parole"); Cleveland County; Gaston County; and Catawba County.

The Plaintiff alleges that he has been improperly held in since June 5, 2020, when his sentence for breaking and entering expired.[3] He alleges that his case manager, identified only as "Mrs. Boone,"[4] failed to give him the proper information. He further alleges that he is in close custody where he fears for his safety, has limited phone calls, and is "always at risk" of getting COVID-19 because he is placed in quarantine each time he goes to court. [Doc. 1 at 12].

---

[3] NCDPS's website indicates that the Plaintiff was convicted for attempted breaking and entering and possession of burglary tools in Cleveland County Case Nos. 18-55242 and 18055243, on May 28, 2020. While his projected release date was June 5, 2020, his actual release date was June 21, 2021. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1079590&searchOffenderId=1079590&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 15, 2021); see Fed. R. Evid. 201. The Gaston County Sheriff's Office website indicates that the Plaintiff committed offenses on September 2, 2020 that resulted in a parole warrant and pending charges including eluding arrest, assault with a deadly weapon on a government official, and failing to report a new address as a sex offender in Cleveland County Case No. 20CR053256, Gaston County Case Nos. 20CR058333, 20CR058335, and 20CR058310, and Catawba Case No. 20CR053141. See http://sheriff.gcps.org/newworld.aegis.webportal/Corrections/InmateSummary.aspx?ID=2703153 (last accessed Oc. 15, 2021).

[4] The Plaintiff does not name Mrs. Boone as a Defendant in this case.

The Plaintiff seeks $3 million in damages; dismissal of all pending charges; removal from the "registry list;"[5] and fees. [Doc. 1 at 13].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

---

[5] This appears to refer to a sex offender registration associated with Lincoln County Case No. 050516. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1079590&searchLastName=hunter&searchFirstName=jarret&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 15, 2021).

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Individuals Not Named as Parties

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

### B. NCDPS

The Plaintiff attempts to name NCDPS's Prisons and Probation/Parole Divisions as Defendants. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDPS is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C.

April 24, 2009). The Plaintiff's claims against these NCDPS Divisions are accordingly dismissed with prejudice.

## C. County Defendants

The Plaintiff names Cleveland, Gaston, and Catawba Counties as Defendants.

Local governing bodies, such as Defendant County, "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a *respondeat superior* theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.

The Plaintiff has failed to identify any County policy or custom under which his rights were allegedly violated. It appears that he attempts to hold the Counties liable under a theory of *respondeat superior* against Mrs. Boone and other unnamed employees for his continued incarceration and the

conditions of his confinement. His allegations fail to support a plausible Monell claim and, accordingly, the claims against the County Defendants are dismissed without prejudice.

**D.	Abstention**

The Plaintiff appears to ask the Court to interfere with pending state criminal proceedings and relieve him from his present confinement.

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

The Plaintiff's request that this Court dismiss his pending state charges would directly interfere with his State criminal proceedings. Therefore, even if the Plaintiff had stated a sufficient claim against any of the Defendants, it appears that Younger abstention may well apply.

Further, to the extent that the Plaintiff is attempting to challenge his state confinement, conviction, and/or sentence, such are not appropriately brought in a civil rights action. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are

7

Case 3:21-cv-00292-MR   Document 14   Filed 10/27/21   Page 7 of 9

conditions of his confinement. His allegations fail to support a plausible Monell claim and, accordingly, the claims against the County Defendants are dismissed without prejudice.

**D.	Abstention**

The Plaintiff appears to ask the Court to interfere with pending state criminal proceedings and relieve him from his present confinement.

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

The Plaintiff's request that this Court dismiss his pending state charges would directly interfere with his State criminal proceedings. Therefore, even if the Plaintiff had stated a sufficient claim against any of the Defendants, it appears that Younger abstention may well apply.

Further, to the extent that the Plaintiff is attempting to challenge his state confinement, conviction, and/or sentence, such are not appropriately brought in a civil rights action. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are

mutually exclusive). Should the Plaintiff wish to challenge his state confinement, conviction, and/or sentence, he must do so in a separate civil action.[6] See generally 28 U.S.C. §§ 2241, 2254.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss the Defendant NCDPS Divisions with prejudice. The remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Younger does not apply and to otherwise properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** except for the claims against Defendants NCDPS – Prisons and NCDPS – Probation/Parole which are **DISMISSED WITH PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff

---

[6] The Court expresses no opinion about the merit or procedural viability of such an action.

fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

3. The Clerk is respectfully instructed to mail the Plaintiff blank § 1983, 2241, and 2254 forms.

**IT IS SO ORDERED**.

Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge

9

Case 3:21-cv-00292-MR   Document 14   Filed 10/27/21   Page 9 of 9