IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00292-MR

| | |
|---|---|
| JARRET DEMON HUNTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 15]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 11].

I.  **BACKGROUND**

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Piedmont and Eastern Correctional Institutions, and the Gaston and Catawba County Jails.[1] [Doc. 1]. On October 27, 2021, the Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 14].

---

[1] The Plaintiff is presently housed at the Gaston County Jail.

The Plaintiff has now filed an Amended Complaint that is before the Court for initial review. [Doc. 15]. He names as Defendants North Carolina Department of Public Safety ("NCDPS") probation officers Mary Goins and FNU Little in their official and individual capacities. [Id. at 2]. He appears to assert: that Defendant Goins erroneously told him, upon his release from custody on June 1, 2020, that his probation would likely be terminated within a week; that Defendant Little failed to terminate the Plaintiff's probation; that the Plaintiff was re-arrested on charges resulting from Little's failure to terminate the probation; and that he was jailed between September 17 and November 17, 2020. [Id. at 13]. He seeks $2 million in damages and an award of full custody of his children. [Id. at 14].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v.

Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

The Court now turns to the Plaintiff's claims against the Defendants in their individual capacities. Construing the Amended Complaint liberally, the Plaintiff appears to allege that Defendant Goins was negligent for telling him that his probation may be terminated. However, mere negligence fails to support a § 1983 claim.[2] See generally Daniels v. Williams, 474 U.S. 327, 328 (1986) (claims of negligence are the province of state law and do not support a constitutional claim). Nor can Defendant Little be held liable for failing to terminate the Plaintiff's probation because such action may only be taken by a court. See N.C.G.S. § 15A-1342(b) ("*The court* may terminate a period of probation and discharge at any time earlier than that provided in subsection (a) if warranted by the conduct of the defendant and the ends of

---

[2] To the extent that the Plaintiff is asking the Court to exercise supplemental jurisdiction over a North Carolina negligence claim, the Court declines to do so because no federal claim has passed initial review. See Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); see 28 U.S.C. § 1367(c)(3).

justice.") (emphasis added). Defendant Little cannot be held liable under § 1983 for failing to take an action that exceeds his authority. Accordingly, the claims against the Defendants in their individual capacities will be dismissed because the Plaintiff fails to state a claim upon which relief can be granted.

The Court further notes that the Plaintiff seeks injunctive relief, *i.e.* custody of his children, that is unavailable in this action. Neither of the Defendant probation officers appears to have any authority over, or involvement with, child custody matters. Moreover, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because domestic relations issues are traditionally within the province of the state courts.[3] Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). As such, the Plaintiff has failed to state a claim for injunctive relief.

## IV. CONCLUSION

In sum, Plaintiff has not stated any claim for relief, and his Amended Complaint will be dismissed on initial review. The Court will dismiss this action with prejudice because the Plaintiff was provided the opportunity to amend the Complaint once, and further amendment would be futile. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

---

[3] Moreover, such relief appears to be unavailable as a practical matter, as the Plaintiff is currently incarcerated.

5

Case 3:21-cv-00292-MR   Document 16   Filed 12/03/21   Page 5 of 6

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 15] fails initial review under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim and is therefore **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 2, 2021

Martin Reidinger
Chief United States District Judge